HENRY THACKER vs. JOHN GUARDENIER

*Where the documentary title to lands of adjoining owners does not fix the bound ary line between them by admeasurement, monuments, or otherwise, the title of either will be inferred from priority of occupation. In such a case, the erection of a building, by one of the adjoining owners, on his own land, with eaves over nanging land that has not been occupied in any way by the other owner, is a prior occupation and possession of the land under the eaves, and the subsequent culti- vation or use of that land by the other owner cannot be regarded as an interrup- tion of such prior occupation and possession. So if one of the adjoining owners encloses, or otherwise uses, land up to a certain line, which he claims as his bound- ary line, this will be regarded as a prior occupation and possession up to that line as against the other owner, who subsequently erects a building on that line, with eaves overhanging the land thus enclosed or used.*

SHAW, C. J.  The present action, which is a writ of entry, was brought to recover a narrow strip of land of about nineteen feet in length and twenty seven or twenty eight inches wide. At the trial, there was evidence tending to show that the demandant, whose land lies on the easterly side of the tenant's land, formerly had a shed standing on the line where the fence now stands, which shed had stood there since 1816 ; that the said shed had eaves extending at one end eight inches, and at the other end five or six inches, over the land in controversy. The ultimate question in controversy is, which of the parties has the better title to the strip of land, of five or six inches wide at one end, and eight inches at the other, and about nineteen feet in length, formerly under the eaves of the shed.

At the first trial, the demandant established, by documentary evidence, a good title to land bounding westerly on the tenant or his ancestors ; and the tenant a good title to land bounding easterly on the demandant or his ancestors ; but neither the admeasurements nor the monuments, referred to in the descrip- tion, had settled where that dividing line was.  In this state of the case, it was held, that it must be determined by the question of prior possession.  Upon the last trial, it was supposed, upon the facts testified, and which were not contested, that as far as the evidence went, there remained only a question of law ; and a *pro formâ* opinion was given, and no fact was left to the jury. But it now appears, that the parties cannot agree as to a fact

Thacker *v.* Guardenier.

supposed to be conceded, namely, whether the demandant first erected his shed, or whether the tenant first enclosed and improved his land.

The court are of opinion, that in the absence of proof, under the documentary title, fixing the boundary between the parties oy monuments, admeasurement, or otherwise, the title of either will be inferred from occupation; and in that respect, the prior actual occupation will be proof of prior and better title. But the question recurs, what shall be deemed proof of possession and occupation? Upon this point, we are of opinion that if a person builds a house, near the line of his land, with eaves, it ought to be far enough from the line of his land to allow for eaves-droppings on his own land, and that the presumption is, in the absence of proof, that he does so. If then he erects a building with eaves, it will be regarded as making some use of the land under the eaves, and as such, an occupation thereof; and if this is prior to any cultivation or other actual use of the adjacent land, it is a prior occupation. If the owner of the adjacent land afterwards cultivates the land quite up to the line of the building, and under its eaves, it cannot be regarded as a disturbance or interruption of the possession already taken by the owner of the building, because it is not inconsistent with the only use which he has had occasion to make, and has been actually making, of the land, by his eaves.

So, on the other hand, if a conterminous proprietor encloses land up to what he claims to be his line, or cultivates or otherwise uses the land up to such line, and afterwards the adjacent proprietor erects a building, with his wall on said line, and eaves extending over such line, the actual enclosure, cultivation, or other use, will be deemed an actual possession and occupation of the soil, prior in time, ånd the subsequent erection of eaves overhanging it, though it may become evidence of an easement, and, in a certain technical sense, a disturbance of the possession, would have no tendency to show, that such prior possession had not been taken by the owner of the soil. It therefore follows, that as the title depends upon prior possession and occupancy, the owner of the building, with his eaves, or the

41 *

adjacent owner of the soil enclosed, will be deemed to have the prior possession, and the elder title, as the one or the other *first* took possession in either of the modes indicated. This rule, as before stated, applies only where the line is left doubtful by the evidence of title, and where neither party can claim under any higher title than possession.

If there is no evidence of prior possession and actual occupation, by erecting a building with eaves, on the one side, or by enclosing and cultivating, on the other, the demandant must fail, on the ground that the burden of proof is on him to make out his title.

*New trial granted.*

*Edward G. Loring,* for the demandant.
*Blake & E. D. Sohier,* for the tenant.